**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ABDUDAZIZ ELKISH,** | § | |
| **ON BEHALF OF THEMSELVES AND ON** | § | |
| **BEHALF OF ALL OTHERS SIMILARLY** | § | |
| **SITUATED** | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 4:18-CV-01055** |
| **V.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **PREMIER CC, INC.** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**I. SUMMARY**

1. Plaintiff ABDUDAZIZ ELKISH worked more than forty (40) hours a week as a cable installation worker for PremierCC, Inc. in Harris County, Houston, Texas.  As such, Plaintiff's job duties primarily consisted of installing, maintaining, and repairing residential cable television and Internet services. Plaintiff would drive to the locations in a company vehicle, drive in for work meetings, and be forced to stay in the company vehicle. Job duties also included checking service feeder lines that provide cable access to several homes, work with drop lines that only allow access for one home, work on the trunk line. , which is the main line for an entire service area. Job duties included inspecting cable lines, laying ground cable, repairing poles and towers and driving work vehicles to jobs.  Plaintiff was an hourly paid employee. Plaintiff's wages were also subject to deductions However, Defendants did not pay Plaintiff overtime pay at the overtime rate required under the Fair Labor Standards Act (FLSA). Further, Defendant's failed to pay Plaintiff minimum wage at the rate required under the FLSA.

2.  Defendant is a national leader in the telecommunications customer service fulfillment industry. It specializes in Residential & Commercial installation, repair and construction services. It hires and employs individuals to work as cable installers.

3.  Defendants did not record all of Plaintiff's time. Defendant did pay Plaintiff for all hours worked. Defendant paid Plaintiff at a rate below minimum wage. In addition, Defendant made deductions to Plaintiff's salary even after Plaintiff was making under minimum wage.

4.  Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

5.  Plaintiffs bring a collective action to recover unpaid overtime compensation and minimum wage owed to them individually and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective Action are hereinafter referred to as "Class Members."

## II. SUBJECT MATTER JURISDICTION AND VENUE

6.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.  Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## III. PARTIES AND PERSONAL JURISDICTION

8.  Plaintiff ABDUDAZIZ ELKISH is an individual residing in Harris County, Texas. Plaintiff's written consent form to this action is attached hereto as Exhibit "A."

9.  Defendant PremierCC, Inc.. is a foreign corporation. This defendant may be served with process by serving its registered agent as follows:

      i.  C T CORPORATION SYSTEM, 1999 BRYAN ST., STE. 900 DALLAS, TX 75201.

10. Defendant, Premeir CC, Inc., has offices and conducts business here in Houston, Texas, where it hired Plaintiff to work. Plaintiff worked in Houston, Texas and surrounding areas for Defendant, as a cable installer, along with other individuals who are similarly situated.

## FLSA COVERAGE

11. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

12. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

13. At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

14. Furthermore, Defendants have an annual gross business volume of not less than $500,000.00.

15. At all material times, Plaintiff was an employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## IV. FACTS

16. Defendant is a national leader in the telecommunications customer service fulfillment industry. It specializes in Residential & Commercial installation, repair and construction services. Defendant is in the cable installation business. It hires and employs individuals to work as cable installers As such, Defendant owns and manages various facilities throughout

the nation, including, Houston, Texas, to service their client's need for cable installation services. One office that Plaintiff would report to of Defendants, was located at 6631 Cherry Tree Street, Houston, Texas Metro Area, TX 77092 at the time of employment. Defendant employ various workers such as the Plaintiff as cable installers.

17. As a cable installer, Plaintiff's job duties primarily consisted of primarily consisted of installing, maintaining, and repairing residential cable television and Internet services. Plaintiff would drive to various locations in a company vehicle, drive in for work meetings, and be forced to stay in the company vehicle for job assignments. Job duties also included checking service feeder lines that provide cable access to several homes, work with drop lines that only allow access for one home, work on the trunk line. Job duties included inspecting cable lines, laying ground cable, repairing poles and towers and driving work vehicles to jobs.  Plaintiff was an hourly paid employee. Plaintiff's wages were also subject to deductions. Plaintiff began working for Defendants in April of 2016 and stopped working there in June of 2016.

18. Plaintiff worked more than forty hours per work-week, and did so frequently, but was not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty per work-week.

19. Plaintiff was an hourly paid employee of Defendants.  Defendants would issue Plaintiff a paycheck for each week he worked. They would also make deductions against his paycheck. Plaintiff made under minimum wage in violation of the FLSA given the hours he worked and/or the deductions made by the Defendant.

20. The pay violation can be summarized as follows: Defendants did not pay for all overtime worked. Defendant did not record all hours worked by Plainitff. Defendant's did not pay Plaintiff at the minimum wage set forth under the FLSA.

21. Plaintiff was a non-exempt employee.

22. Defendant's method of paying Plaintiff in violation of the FLSA was willful, and was not based on a good faith and reasonable belief that its conduct did not violate the FLSA.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

23. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

24. Defendants' practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

25. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiff.

## VII.  COUNT TWO: VIOLATION OF 29 U.S.C. § 206

26. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

27. Defendants' practice of failing to pay Plaintiff at the required minimum wage rate violates the FLSA.  29 U.S.C. § 206.

28. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiffs.

## VIII.  COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff have actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally

mandated minimum wage rate. That is, Plaintiffs worked with other cable installers who worked for Defendant and has also observed other information online from other cable installers in the other locations (including other states where Defendant provides cable installation services).

30. Other employees similarly situated to Plaintiffs work or have worked for Defendant as cable installers, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek. Furthermore, these same cable installer employees were denied pay at the federally mandated minimum wage rate.

31. Although Defendants permitted and/or required the Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Defendants have also denied them full compensation at the federally mandated minimum wage rate. They have also failed to record all hours worked by these employees.

32. The Class Members perform or have performed the same or similar work as the Plaintiff.

33. Class Members regularly work or have worked in excess of forty hours during a workweek.

34. Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA. The class member receive an hourly rate for their pay.

35. As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

36. Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

37. The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the Class Members.

38.  The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

39. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

40. All cable installer Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

41. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Class Members.

42. As such, the class of similarly situated Plaintiffs is properly defined as follows:

**The Class Members are all of Defendant's current and former cable installers and office staff who were not paid at the federally mandated minimum wage rate and/or worked more than forty (40) hours in a workweek but were not paid one and one-half times their regular rate of pay at any time starting three years before this Complaint was filed up to the present.**

## IX DAMAGES SOUGHT

43. Plaintiff and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate. Plaintiff is entitled to recover his unpaid overtime compensation.

44. Plaintiff and Class Members are also entitled to an amount equal to all of his unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

45. Plaintiff and Class Members is entitled to recover his attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

46. Defendant actions were willful and as such this cause of action should be extended to three years from the date of suit.

## **JURY DEMAND**

47. Plaintiff hereby demands trial by jury on all issues.

## **PRAYER**

48. For these reasons, Plaintiff respectfully requests that judgment be entered in his favor awarding him the following:

  a.  Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

  b.  All unpaid wages at the FLSA mandated minimum wage rate;

  c.  Liquidated damages in an amount equal to his unpaid overtime wages as allowed under the FLSA;

  d.  Liquidated damages in an amount equal to his minimum wage damages as allowed under the FLSA;

  e.  Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

  f.  Such other and further relief as may be required by law or in equity.

Respectfully Submitted,

*Isl* Alexander M. Defreitas
Alexander Defreitas
SBN:24042550
FIN: 1636135
Attorney-In-Charge
Williams Tower
2800 Post Oak Blvd.
Suite 4100
Houston, TX 77056
Tel:  (832) 794-6792
Fax:  (281) 784-3777
a.defreitas@lawyer.com

ATTORNEY IN CHARGE FOR PLAINTIFF, ON BEHALF
OF HIMSELF AND ALL OTHERS SIMILARLY
SITUATED